UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI,
AKA JAMES RAY WILKERSON,

Plaintiff,

v.

WILLIAM MUNIZ, et al.,

Defendants.

Case No. 18-cv-06879-YGR (PR)

**ORDER OF SERVICE; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; AND DENYING HIS MOTION FOR PRELIMINARY INJUNCTION AND/OR TRO AS PREMATURE**

## I. INTRODUCTION

Plaintiff, a state prisoner who is incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action under 42 U.S.C. § 1983 seeking injunctive, declaratory, and monetary relief over the infringement of his right to practice his religion, which he claims is the "Messianic Kabbalistic[1] Order of Melchizedek." Dkt. 1 at 14.[2] Plaintiff claims the "aim of the Messianic Kabbalistic Order of Melchizedek is to teach the Kabbalistic Science of Occult Knowledge, the Pure and Holy Magick [sic] of Light, the secrets of M[ys]tic attainment of the Secret Wisdom of the Ancients, after the Messianic Kabbalistic Order of Melchizedek." *Id.*

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § (b).

Now before the Court is Plaintiff's motion for leave to file a second amended complaint ("SAC").[3] Dkt. 15. He has submitted a proposed SAC with the motion. Dkt. 15-1. Plaintiff has

---

[1] In order to elaborate on the "Kabbalistic Religion," Plaintiff explains that "Kabbalah is Jewish Mysticism." Dkt. 15-1 at 10.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[3] The Court notes that Plaintiff has previously filed his original and amended complaint. Dkts. 1, 6. His previously-filed motion for leave to file an amended complaint is TERMINATED as moot (dkt. 5) because of his current pending motion for leave to amend (dkt. 15), which has been construed as a motion for leave to file a *second* amended complaint.

1 also filed motions for a preliminary injunction and/or a temporary restraining order ("TRO").

2 Dkts. 7, 16.

## II. PENDING MOTIONS

### A. Motion for Leave to File SAC

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(b). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). There is no indication that Plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See id.* Nor is there any suggestion that allowing Plaintiff to file his proposed SAC would cause defendants any undue prejudice. *See id.* Accordingly, Plaintiff's motion for leave to file a second amended complaint is GRANTED. Dkt. 15. The Clerk of the Court shall file Plaintiff's SAC, as directed below. The SAC is now the operative pleading and is before the Court for review under 28 U.S.C. § 1915A.

### B. Motion for a Preliminary Injunction and/or TRO

Plaintiff has also filed motions for a preliminary injunction and/or TRO. Dkts. 7, 16. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or TRO. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the

1  reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).  The
2  motions (dkts. 7, 16) are DENIED as premature because the parties to this action have not yet
3  been served, and Plaintiff has failed to satisfy either of the criteria under Rule 65(b) for granting a
4  TRO without notice to the adverse parties.  *Id.*

## III. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In the SAC, Plaintiff claims that he is the "inmate facilitator of the Kabbalistic Studies and Meditation" at SVSP.  Dkt. 15-1 at 14.  He adds that "[a]s a metaphysical practitioner, Ritual Herbal Smoke Blend[4] [is] utilized in ceremoniously as a sacrament with mystical [o]bservance and magickal [sic] enchantment when engaged in magickal [sic] rites, are used as a way to encourage intuition, clairvoyance or psy[c]hic attention."  *Id.*

On July 30, 2017, Plaintiff alleges that he "received a Religious Special Purchase [of] four ounces of approved Kinni-Kinnick Ceremonial Tobacco," which was immediately confiscated as contraband.  *Id.* at 5.  Plaintiff claims that he informed Defendants that he "ha[d] an ex[c]eption to

---

[4] Plaintiff explains that Ritual Herbal Smoke Blend "includes tobacco, cannabis and hashish."  Dkt. 15-1 at 4.

3

receive[] and possess Ritual Herbal Smoke Blends pursuant to Directive IAB Case No. 1410572 and LAC-13-02830." *Id.* However, Defendants "refus[ed] to issue [Ritual] Herbal Smoke Blends after receiv[ing] three directive[s] to issue in Second Level Appeal Response #18-02234, Third Level Appeal Response 1807639 and Appeal LAC-B-13-02958." *Id.* at 14-15. Plaintiff claims that the Ritual Herbal Smoke Blend is "essential, necessary, and central to the exercise and practice of his Faith." *Id.* at 15.

Plaintiff alleges that Defendants have substantially burdened the practice of his religion by denying him the use of tobacco (i.e., Kinni-Kinnick Ceremonial Tobacco or Ritual Herbal Smoke Blend) in religious rituals. Liberally construed, Plaintiff's allegations appear to state cognizable section 1983 claims for violation of his First and Fourteenth Amendment rights to free exercise of religion and due process/equal protection. *See, e.g.*, *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (prison officials may not burden the practice of prisoner's religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests). These allegations also implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

In addition, Plaintiff alleges that Defendants' aforementioned actions in violation of his federal constitutional rights also violate various provisions of California constitutional and statutory law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Plaintiff asserts supplementary state law claims that the actions of Defendants violated rights afforded to him by California

4

constitutional and statutory law. Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Therefore, the Court exercises supplemental jurisdiction over his state law claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's motion for leave to file a second amended complaint is GRANTED. Dkt. 15.[5] The Clerk is directed to file the document attached to Plaintiff's motion, which is labeled "Amended Complaint Under the Civil Rights Act 42 U.S.C. § 1983," and docket the aforementioned document as Plaintiff's "Second Amended Complaint." *See* Dkt. 15-1. The Clerk is further directed to mark the SAC as filed on February 25, 2019, the date it was received by the Court.

2.      Plaintiff's motions for a preliminary injunction and/or TRO are DENIED as premature. Dkts. 7, 16.

3.      Plaintiff's allegations appear to state cognizable section 1983 claims for violation of his First and Fourteenth Amendment rights to free exercise of religion and due process/equal protection.   These allegations also implicate RLUIPA.

4.      The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

5.      The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (dkt. 15-1), and a copy of this Order to the following Defendants at SVSP: **Wardens William Muniz and T. Foss; Acting Warden S. Hatton; Chief Deputy Wardens J. Stein and Captain R. Binkele; Religious Review Committee Chairperson J. McCall; Community Resources Manager Carol Hernandez; Inmate Appeals Chief M. Voong; Correctional Officers C. Lopez, P. Sullivan, R. Gamboa, A. Ware, M. Barroso, J. Young, H. Corona, and T. Frost.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this

---

[5] As mentioned above, Plaintiff's previously-filed motion for leave to file an amended complaint is TERMINATED as moot (dkt. 5) because of his current pending motion for leave to amend (dkt. 15), which has been construed as a motion for leave to file a second amended complaint.

5

Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[6] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss

---

[6] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id*. But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id*. at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

7

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—

documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   8. Discovery may be taken in this action in accordance with the Federal Rules of Civil

8

Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

12. This Order terminates Docket Nos. 5, 7, 15 and 16.

IT IS SO ORDERED.

Dated: April 11, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge