UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI,<br>AKA JAMES RAY WILKERSON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MUNIZ, et al.,<br><br>Defendants. | Case No. 18-cv-06879-YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS AND татокать DISMISS ACTION WITHOUT PREJUDICE; AND TERMINATING ALL OTHER PENDING MOTIONS AS MOOT** |

## I. INTRODUCTION

Plaintiff, an inmate currently incarcerated at the Deuel Vocational Institution and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations that took place during his previous incarceration at Salinas Valley State Prison ("SVSP"). He has been granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 18. The Second Amended Complaint ("SAC") is the operative pleading in this action. Dkt. 20.

The parties are presently before the Court on Defendants' motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 38. Also pending before this Court are various pending motions filed by both parties, including Plaintiff's motion for partial summary judgment (dkt. 33) and his motion to strike Defendants' motion to revoke Plaintiff's IFP status and to dismiss the action (dkt. 40), as well as Defendants' Motion to Stay Pending Resolution of Plaintiff's *In Forma Pauperis* Status (dkt. 39) and their Motion for Extension of Time to File Opposition to Plaintiff's Opposition to Answer and Motion for Partial Summary Judgment (dkt. 42).

Having read and considered the papers submitted, and being fully informed, the Court GRANTS Defendants' motion to revoke Plaintiff's IFP status and to dismiss the action for the reasons set forth below, and it terminates all other remaining pending motions as moot.

## II. BACKGROUND

On November 14, 2018, Plaintiff filed his complaint seeking injunctive, declaratory, and monetary relief over the infringement of his right to practice his religion, which he claims is the "Messianic Kabbalistic[1] Order of Melchizedek." Dkt. 1 at 14.[2] Plaintiff claims the "aim of the Messianic Kabbalistic Order of Melchizedek is to teach the Kabbalistic Science of Occult Knowledge, the Pure and Holy Magick [sic] of Light, the secrets of M[ys]tic attainment of the Secret Wisdom of the Ancients, after the Messianic Kabbalistic Order of Melchizedek." *Id.*

As mentioned above, the SAC is the operative pleading in this action. Dkt. 20. Plaintiff named the following Defendants at SVSP: Wardens William Muniz and T. Foss; Acting Warden S. Hatton; Chief Deputy Wardens J. Stein and Captain R. Binkele; Religious Review Committee Chairperson J. McCall; Community Resources Manager Carol Hernandez; Inmate Appeals Chief M. Voong; Correctional Officers C. Lopez, P. Sullivan, R. Gamboa, A. Ware, M. Barroso, J. Young, H. Corona, and T. Frost. *Id.* at 1, 3.

On March 11, 2019, the Court granted Plaintiff's motion for leave to proceed IFP. Dkt. 18. Also on March 11, 2019, the Court issued an order entitled, "Order of Service; Granting Plaintiff's Motion for Leave to File Second Amended Complaint; and Denying his Motion for Preliminary Injunction and/or TRO As Premature." Dkt. 19. The following background is taken from the Court's March 11, 2019 Order, which states as follows:

> In the SAC, Plaintiff claims that he is the "inmate facilitator of the Kabbalistic Studies and Meditation" at SVSP. Dkt. 15-1 at 14. He adds that "[a]s a metaphysical practitioner, Ritual Herbal Smoke Blend[3] [is] utilized in ceremoniously as a sacrament with mystical [o]bservance and magickal [sic] enchantment when engaged in magickal [sic] rites, are used as a way to encourage intuition, clairvoyance or psy[c]hic attention." *Id.*
>
> On July 30, 2017, Plaintiff alleges that he "received a Religious Special Purchase [of] four ounces of approved Kinni-Kinnick

---

[1] In order to elaborate on the "Kabbalistic Religion," Plaintiff explains that "Kabbalah is Jewish Mysticism." Dkt. 15-1 at 10.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[3] Plaintiff explains that Ritual Herbal Smoke Blend "includes tobacco, cannabis and hashish." Dkt. 15-1 at 4.

2

> Ceremonial Tobacco," which was immediately confiscated as contraband. *Id.* at 5. Plaintiff claims that he informed Defendants that he "ha[d] an ex[c]eption to receive[] and possess Ritual Herbal Smoke Blends pursuant to Directive IAB Case No. 1410572 and LAC-13-02830." *Id.* However, Defendants "refus[ed] to issue [Ritual] Herbal Smoke Blends after receiv[ing] three directive[s] to issue in Second Level Appeal Response #18-02234, Third Level Appeal Response 1807639 and Appeal LAC-B-13-02958." *Id.* at 14-15. Plaintiff claims that the Ritual Herbal Smoke Blend is "essential, necessary, and central to the exercise and practice of his Faith." *Id.* at 15.
>
> Plaintiff alleges that Defendants have substantially burdened the practice of his religion by denying him the use of tobacco (i.e., Kinni-Kinnick Ceremonial Tobacco or Ritual Herbal Smoke Blend) in religious rituals. Liberally construed, Plaintiff's allegations appear to state cognizable section 1983 claims for violation of his First and Fourteenth Amendment rights to free exercise of religion and due process/equal protection. *See, e.g.*, *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (prison officials may not burden the practice of prisoner's religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests). These allegations also implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).
>
> In addition, Plaintiff alleges that Defendants' aforementioned actions in violation of his federal constitutional rights also violate various provisions of California constitutional and statutory law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Plaintiff asserts supplementary state law claims that the actions of Defendants violated rights afforded to him by California constitutional and statutory law. Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Therefore, the Court exercises supplemental jurisdiction over his state law claims.

*Id.* at 3-5. Upon its initial review of the complaint, as mentioned above, the Court determined that: (1) the SAC appeared to state cognizable section 1983 claims for violation of Plaintiff's First and Fourteenth Amendment rights to free exercise of religion and due process/equal protection; (2) such allegations also implicated RLUIPA; and (3) it would exercise supplemental jurisdiction

1     over Plaintiff's state law claims. *Id.* at 4-5.

      As mentioned above, Defendants filed a motion requesting the Court revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) and to dismiss the instant action. Dkt. 38. Plaintiff filed an opposition. Dkt. 40. Defendants filed a reply. Dkt. 41.

**III.   DISCUSSION**

   **A.   28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*"). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

4

*Andrews I* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* A defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that allows the district court to conclude that the prisoner plaintiff has suffered at least three prior dismissals that count as strikes under section 1915(g). *Id.* at 1120. Once the defendants have met this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count as a strike, or why he is entitled to the imminent danger of serious physical injury exception. *Id.*

A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. *See Tierney*, 128 F.3d at 1311-12 (affirming district court's denial of IFP status and dismissing complaint without prejudice under section 1915(g)).

### B. Plaintiff's Prior "Strikes"

Defendants allege that Plaintiff has filed, while incarcerated, at least three actions that were dismissed on the basis that they were frivolous, malicious, or failed to state claim. At the time Plaintiff was granted leave to proceed IFP, the Court was unaware that Plaintiff had filed any of these cases or the basis of the dismissals of any such cases in other districts, i.e., the United States District Court for the Central District of California and the United States District Court for the Eastern District of California.

This Court GRANTS Defendants' request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g).[4] Dkt. 38-1. Defendants argue that the following dismissals may be counted as dismissals for purposes of section 1915(g): (1) *El-Shaddai v.*

---

[4] The district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

*Stainer*, No. 2:14-cv-09313 GHK (JC) (C.D. Cal. Dec. 13, 2016) (dismissing SAC for failure to state a claim); (2) *Wilkerson v. Terhune*, No. S-99-1539 LKK DAD P (E.D. Cal. Oct. 11, 2000) (dismissing amended complaint for failure to state a claim upon plaintiff's failure to file a timely SAC to cure deficiencies); and (3) *Wilkerson v. Popke*, C 94-0035 FMS (N.D. Cal. Mar. 18, 1994) (denying IFP status because civil rights complaint failed to state a claim upon which relief may be granted). *See* Dkt. 38 at 3-4; Dkt. 38-1 at 4-182 (Exs. 1-7).[5]

Only three prior dismissals need qualify under section 1915(g). This Court must review at least three dismissals to determine whether they qualify as strikes under section 1915(g). *See Andrews I*, 398 F.3d at 1121. Here, the Court will review all three aforementioned dismissals, which were all entered before the instant action was brought by Plaintiff on November 14, 2018, in order to determine whether they may be counted as dismissals for purposes of section 1915(g). As further explained below, these dismissals all qualify as "strikes" under section 1915(g). *See id.*

### 1. Case No 2:14-cv-09313 GHK (JC) – First Strike

In *El-Shaddai v. Stainer*, No. 2:14-cv-09313 GHK (JC), the Central District screened Plaintiff's SAC and dismissed all but one of his claims for failure to state a claim. Dkt. 38-1 at 12-69 (Ex. 2). The district judge found that Plaintiff's final claim, arising out of his first request for religious name change, was time-barred. *Id.* at 55-60. Judgment was entered on December 13, 2016. *Id.* at 70.

Plaintiff challenges Case No. 2:14-cv-09313 GHK (JC) as a strike on the basis that one out of his numerous claims was dismissed because it was time-barred and that negates this case from qualifying as a strike. Dkt. 40 at 3-5. Plaintiff does not challenge Case No. 2:14-cv-09313 GHK

---

[5] In their motion to dismiss, Defendants attempted to list seven prior dismissals that they argued qualified as "strikes" under section 1915(g). Dkt. 38 at 3-6. However, in his opposition, Plaintiff identified four cases that do not qualify as strikes because they were removed from state court and were "not 'brought' under the federal *in forma pauperis* provisions but under the rules of the state court . . . ." Dkt. 40 at 3-4. In their reply, Defendants concede that the following four cases do not qualify as "strikes" under section 1915(g): (1) *El-Shaddai v. Murray*, No. 2:17-cv-06534 SJO (RAOx); (2) *Wilkerson v. Mericle*, No. S-00-0960 DFL GGH P; (3) *Wilkerson v. Melching*, No. S-00-0959 FCD DAD P; and (4) *Wilkerson v. Castro*, No. S-00-0866 GEB DAD P. Dkt. 41 at 2 fn. 2. Therefore, the Court will only focus on the other three prior dismissals in order to determined whether they qualify as "strikes" under section 1915(g).

6

1  (JC) qualifying as a strike for any other reason. *See id.*

Defendants argue that a dismissal with prejudice on the ground that an action was barred by the statute of limitations should serve as a section 1915(g) strike. Dkt. 38 at 5 (citing *Jones v. Bock*, 549 U.S 199, 215 (2007) (if relief is barred by applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim); *Bayramoglu v. Cate*, No. C 13-1094 YGR (PR), 2014 WL 3704798 (N.D. Cal. July 23, 2014) (finding that claims barred by statute of limitations constituted a strike)).

Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendants. As mentioned, Plaintiff claims that dismissals on statute of limitations grounds do not count as strikes for purposes of section 1915(g), and he relies on *Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005), and *Daniels v. Woodford*, No. CV 07-6975 PA (JC), 2008 WL 2079010, *6, *8 (C.D. Cal. May 13, 2008). However, the Court finds Plaintiff argument and reliance on these two cases unavailing. In *Daniels*, the district judge noted that the defendants failed to cite any authority for their argument that the dismissal on statute of limitations grounds constituted a strike. *Daniels*, No. CV 07-6975 PA(JC), 2008 WL 2079010, at *8. Here, Defendants provided relevant authority, including one from this district and by this Court, in support of their argument. Meanwhile, this Court is not bound by Seventh Circuit authority in *Myles*. And, in any event, *Myles*, which was issued in 2005, predates the Supreme Court's 2007 holding in *Jones v. Bock*,[6] and thus any holding in *Myles* that could have a persuasive effect on the issue of whether a dismissal because of a time-barred claim can qualify as a strike is outdated.

Finally, this Court has previously found that a dismissal with prejudice on the ground that an action was barred by the statute of limitations should serve as a section 1915(g) strike. *See Bayramoglu*, 2014 WL 3704798, at *3. In *Bayramoglu*, this Court relied on the following authority:

---

[6] Defendants also rely on a Ninth Circuit case (which *Myles* also predates) named *Belanus v. Clark*, 796 F.3d 1021, 1027-30 (9th Cir. 2015), in which they claim that the Ninth Circuit had found a complaint dismissed on the grounds that it was time-barred qualified as a strike. Dkt. 41 at 4. However, this Court notes that the Ninth Circuit did not specifically focus on such a holding in that case, and instead, it held that a dismissal of an action or appeal can count as a strike regardless of whether the filing fee was paid. *See Belanus*, 796 F.3d at 1028.

7

> The Ninth Circuit has held that a "claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) *quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). As mentioned above, the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation.

*Id.* (footnote added). Thus, this Court again finds that where the allegations of the pleading affirmatively demonstrate a prisoner's failure to comply with procedural requirements, such as the statute of limitations, dismissal on such grounds constitutes dismissal for failure to state a claim for purposes of the PLRA. *See Jones*, 549 U.S. at 215. Because Case No. 2:14-cv-09313 GHK (JC) was dismissed in its entirety at the screening stage on grounds that constitute failure to state a claim, this Court finds that it should count as a strike under 28 U.S.C. § 1915(g).

Therefore, Defendants have met the burden of establishing that Case No. 2:14-cv-09313 GHK (JC) was dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 2. Case No. S-99-1539 LKK DAD P – Second Strike

In *Wilkerson v. Terhune*, No. S-99-1539 LKK DAD P, the magistrate judge of the Eastern District screened Plaintiff's amended complaint under 28 U.S.C. § 1915A and, on May 8, 2000, issued an order dismissing the amended complaint with leave to file a SAC correcting certain deficiencies. Dkt. 38-1 at 104-10 (Ex. 4). Plaintiff did not file a SAC by the deadline. *Id.* at 121-22. Thus, on August 29, 2000, the magistrate judge issued Findings and Recommendations, in which the magistrate judge recommended that the action be dismissed for failure to state a claim upon which relief may be granted. *Id.* at 112-13. On October 11, 2000, the district judge of the Eastern District issued an Order adopting in full the Findings and Recommendations issued by the magistrate judge on August 29, 2000. *Id.* at 115-16. Also on October 11, 2000, judgment was entered. *Id.* at 118.

In his opposition, Plaintiff challenges Case No. S-99-1539 LKK DAD P as a strike by relying on *Williams v. Grannis*, in which the plaintiff requested a voluntary dismissal, and thus the Eastern District found that "a voluntary dismissal does not constitute a dismissal on the grounds

8

that the action is 'frivolous, malicious or fails to state a claim upon which relief may be granted.'" Dkt. 40 at 4 (citing *Wiliams v. Grannis*, 2008 WL 4078664, *4 (E.D. Cal. 2008)). Plaintiff thus argues that "a voluntary dismissal following [a] dismissal without prejudice for failure to state a claim, with leave to file an amended complaint, is not a strike." *Id.* Meanwhile, Defendants argue that the Court should reject Plaintiff's challenge because nothing in the record "could be interpreted as a request for voluntary dismissal." Dkt. 41 at 3. This Court agrees. In Case No. S-99-1539 LKK DAD P, Plaintiff received leave to amend but failed to file his SAC. Dkt. 38-1 at 104-10, 121-22. Plaintiff's challenge fails because the Eastern District did not dismiss the lawsuit because of a voluntary dismissal. *Id.*

Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendants that failure to state a claim is a qualifying reason for a strike under section 1915(g). Therefore, the Court finds that Defendants have met the burden of establishing that Case No. S-99-1539 LKK DAD P was dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 3. Case No. C 94-0035 FMS – Third Strike

On March 18, 1994, in *Wilkerson v. Popke*, No. C 94-0035 FMS, the Honorable Fern M. Smith, a former district judge in this district, denied Plaintiff's request to proceed IFP because his complaint failed to state a claim for relief. Dkt. 38-1 at 173-76 (Ex. 7). Also on March 18, 1994, judgment was entered. *Id.* at 177-78.

The Ninth Circuit has held that a case is "dismissed" for the purposes of section 1915(g) "when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint." *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). When a district court disposes of an IFP complaint on such grounds, the complaint is "dismissed" for purposes of section 1915(g) "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *Id.* at 1153 (finding that the district court necessarily reviewed the complaints and made an assessment on their merits in making the determination whether the actions qualified for IFP status). This was

indeed the case in Case No. C 94-0035 FMS, wherein Judge Smith denied Plaintiff's request to proceed IFP because the complaint failed to state a claim for relief. Dkt. 38-1 at 173-76.

Defendants point out that Plaintiff conceded that Case No. C 94-0035 FMS constituted a strike in his case before the Ninth Circuit. *See* Dkt. 41 at 2 (citing *El-Shaddai v. Zamora*, 833 F.3d 1036, 1041 (9th Cir. 2016)). However, in his opposition, Plaintiff seems to backtrack from what he conceded previously and argues that a case dismissed based on a qualifying reason prior to the enactment of the PLRA (which was signed into law on April 26, 1996) cannot constitute a strike. Dkt. 40 at 3.

Defendants argue that Plaintiff's position is unsupported by law and further point out that Plaintiff does not cite to any authority holding that cases dismissed for one of the qualifying reasons before the enactment of the PLRA cannot constitute strikes. The Court agrees with Defendants and notes that because section 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed ***before*** the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." *Tierney*, 128 F.3d at 1311-12.

Defendants argue that Plaintiff "misreads the cases that he has cited to support his position." Dkt. 41 at 2-3 (citing Dkt. 40 at 3). Defendants state as follows:

> Those cases hold, very narrowly, that the 3-strikes provision in the Prison Litigation Reform Act (PLRA) do not apply retroactively to cases where IFP status was granted prior to the enactment of the PLRA, but challenged under 3-strikes provision for revocation of IFP status post-enactment. *See Gibbs v. Ryan*, 160 F.3d 160, 162-63 (3d Cir. 1998); *Chandler v. D.C. Dept. of Corr.*, 145 F.3d 1355, 1359 (D.C. Cir. 1998); *Canell v. Lightner*, 143 F.3d 1210, 1212-13 (9th Cir. 1998). His citations do not speak to whether cases ***dismissed for a qualifying reason before the enactment of the PLRA*** can or cannot constitute strikes. [Case No. C 94-0035 FMS] was dismissed due to a qualifying reason. Therefore, [Case No. C 94-0035 FMS] is a strike.

*Id.* (emphasis added). Again, the Court agrees with Defendants and rejects Plaintiff's challenge. Therefore, the aforementioned decision in Case No. C 94-0035 FMS constitutes a qualifying strike under section 1915(g). *See Andrews I*, 398 F.3d at 1120.

In sum, Plaintiff's four aforementioned dismissals constitute "strikes" under section 1915(g). Thus, Plaintiff's IFP status must be revoked unless he can show that he is entitled to the imminent danger of serious physical injury exception under section 1915(g).

10

### C. Imminent Danger Exception

A plaintiff barred from bringing an action IFP because he has three strikes may still proceed without prepaying court fees if he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong. *Id.* at 1055. Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* In order to satisfy the imminence prong, the prisoner must allege that the danger is ongoing. *See id.* at 1056-57.

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a section 1915(g) bar. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is under imminent danger of serious physical injury). It is sufficient if any part of the complaint plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of filing. *Andrews II*, 493 F.3d at 1053.

Here, the question is whether Plaintiff was in imminent danger on November 14, 2018, the date he filed his complaint. The Court finds that Plaintiff's allegations fail to show that he was. As mentioned above, Plaintiff's allegations in his SAC are related to the denial of various requests for religious accommodations. *See* Dkt. 20. The Court notes that Plaintiff's SAC does not allege that he faced an imminent danger of serious physical injury at the time he filed his complaint. *See generally* Dkt. 20. However, in his opposition, Plaintiff claims he suffers from various medical conditions, including prostate cancer, degenerative disc disease, lumber spondylosis, and osteoarthritis. Dkt. 40 at 6. The Court notes that Plaintiff fails to make reference to any of these aforementioned conditions in his complaint, amended complaint, or SAC. *See* Dkts. 1, 6, 20. Such allegations of Plaintiff's medical conditions and health problems do not show he "faced

11

'imminent danger of serious physical injury' ***at the time of filing***." *See Andrews II*, 493 F.3d at 1055 (emphasis added). Said differently, Plaintiff's argument that he currently suffers from certain health problems—almost a year after filing—is of no consequence because imminent danger for purposes of the section 1915(g) exception is assessed at the time the action at issue was filed, "not at some earlier or later time." *Id.* at 1053.

"[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the "ongoing danger" standard and meet the imminence prong of the three strikes exception." *See id.* at 1056-57. In *Andrews II*, the plaintiff alleged in his complaint that the ongoing practice of not screening and segregating inmates with HIV and hepatitis C threatened his health, in violation of the Eighth Amendment. *See id.* at 1050. The Ninth Circuit determined that plausible allegations by the plaintiff in *Andrews II* that prison conditions may cause or worsen a chronic condition such as HIV or hepatitis C was sufficient to bring the complaint within the imminent danger exception. *See id.* at 1056-57. In contrast, in the present action, Plaintiff's allegations of his ***current*** medical conditions do not trigger the imminent danger exception because they are completely unconnected to Plaintiff's religious practices claims. *Cf. id.* (an *ongoing* danger, such as prison officials continuing with a practice that had caused injury to plaintiff or other similarly situated inmates will satisfy the imminent danger exception).

In sum, Plaintiff cannot show that his religious practices claims, arising from the denial of various requests for religious accommodations, impacted his health conditions such that it created a serious danger of physical harm to him, imminent or otherwise. Therefore, Plaintiff has not shown that he is entitled to the imminent danger exception under section 1915(g) to avoid dismissal without prejudice. Plaintiff's IFP status is therefore revoked. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three strikes grounds); *Patton v. Jefferson Corr. Center*, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes). Accordingly, the Court GRANTS Defendants' motion to revoke Plaintiff's IFP status and to dismiss the action without prejudice. Dkt. 38.

## IV. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. This Court GRANTS Defendants' request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Dkt. 38-1.

2. The Court GRANTS Defendants' motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 38. Leave to proceed IFP is REVOKED, and the Court's April 11, 2019 Order granting Plaintiff IFP status (dkt. 18) is VACATED.

3. This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $350.00. *See* 28 U.S.C. § 1915(g). **If Plaintiff fails to file a motion to reopen and pay the full filing fee within the twenty-eight-day time frame, then he may pursue his claims by filing a *new* civil rights case in which he pays the full filing fee.**

4. The Clerk of the Court shall terminate all remaining pending motions as moot (dkts. 33, 39, 40, 42) without prejudice to refiling if Plaintiff files a motion to reopen with the new filing fee.

5. The Clerk shall also close the case.

6. This Order terminates Docket Nos. 33, 38, 39, 40, and 42.

IT IS SO ORDERED.

Dated: March 9, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge