UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI,
AKA JAMES RAY WILKERSON,

           Plaintiff,

    v.

WILLIAM MUNIZ, et al.,

           Defendants.

Case No. 18-cv-06879-YGR (PR)

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE MOTION TO REOPEN; CONSTRUING MOTION TO REOPEN AS MOTION FOR RECONSIDERATION; DENYING RECONSIDERATION; AND REAFFIRMING DISMISSAL PURSUANT TO 28 U.S.C. § 1915(G)**

Plaintiff, an inmate currently incarcerated at Salinas Valley State Prison ("SVSP") and frequent litigant in this Court, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations that occurred while housed at SVSP.

On April 11, 2019, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 18. On the same date, the Court issued an order of service. Dkt. 19.

On March 9, 2020, because Plaintiff had "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," *see Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005), and because he had failed to show he was entitled to the imminent danger of serious physical injury exception under 28 U.S.C. § 1915(g), the Court granted Defendants' motion to revoke Plaintiff's IFP status and to dismiss the action without prejudice to bringing in a paid complaint. Dkt. 47 at 12. Specifically, the following actions were counted as dismissals for purposes of section 1915(g): (1) *El-Shaddai v. Stainer ("Stainer")*, No. 2:14-cv-09313 GHK (JC) (C.D. Cal. Dec. 13, 2016) (dismissing second amended complaint ("SAC") for failure to state a claim); (2) *Wilkerson v. Terhune ("Terhune")*, No. S-99-1539 LKK DAD P (E.D. Cal. Oct. 11, 2000) (dismissing amended complaint for failure to state a claim upon plaintiff's failure to file a timely SAC to cure deficiencies); and (3) *Wilkerson v. Popke ("Popke")*, C 94-0035 FMS (N.D. Cal. Mar. 18, 1994) (denying IFP status because civil rights complaint failed to state a claim upon which relief may be

United States District Court
Northern District of California

United States District Court
Northern District of California

1  granted).  *See* Dkt. 38-1 at 4-182 (Exs. 1-7).  The Court then revoked Plaintiff's IFP status and

2  vacated its April 11, 2019 Order granting IFP status.  Dkt. 47 at 13.  The Court noted that the

3  dismissal was without prejudice to Plaintiff's filing a motion to reopen no later than twenty-eight

4  days from the date of the order accompanied by the full filing fee of $350.00, or by pursuing his

5  claims by filing a new civil rights case with the accompanied filing fee.  *Id.*

6          On March 13, 2020, Plaintiff filed a notice of change of address.  Dkt. 49.  Thus, on that

7  same date, the Clerk of the Court re-sent the March 9, 2020 Order and accompanying Judgment to

8  Plaintiff at his new address.

9          The twenty-eight-day timeframe for filing a motion to reopen passed, and Plaintiff did not

10  file a motion to reopen.  Instead, on April 13, 2020, Plaintiff filed a document, entitled, "Notice of

11  Motion of Administrative Motion to Change Time to File Answer to Order Granting Defendants'

12  Motion to Revoke *In Forma Pauperis* Status and to Dismiss Action Without Prejudice; and

13  Terminating All Other Pending Motions as Moot."  Dkt. 50.  The Court construes this motion as a

14  motion for extension of time to file his motion to reopen, and it GRANTS Plaintiff an extension of

15  time to file his motion to reopen *nunc pro tunc* to May 7, 2020, the date he filed his motion to

16  reopen, as further explained below.  Dkt. 50.

17          On May 7, 2020, Plaintiff filed his "Motion to Reopen Pursuant to F.R.C.P. Rule 60(b)

18  Relief from Order Granting Defendants' Motion to Revoke [IFP] Status and Dismiss Action

19  Without Prejudice; and Terminating All Other Pending Motion[s] as Moot."  Dkt. 51.  Plaintiff did

20  not include the full filing fee of $350.00 with his motion to reopen.  *See id.*  Instead, he moves for

21  reconsideration under Federal Rule of Civil Procedure 60(b), and thus the Court construes his

22  filing as a motion for reconsideration.  Defendants oppose the motion, and Plaintiff filed a reply.

23  Dkts. 53, 54.

24          Where the Court's ruling has resulted in a final judgment or order, as here, a motion for

25  reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule

26  60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  Because

27  Plaintiff's motion was not filed within ten days of entry of judgment, as is required for a Rule

28  59(e) motion, it will be treated as a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) "provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from the judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Here, Plaintiff moves for reconsideration under Rule 60(b)(1), which is based on "mistake, inadvertence, surprise or excusable neglect." Dkt. 51 at 1. Specifically, Plaintiff argues that the Court should reopen this case without the filing fee requirement because of "mistake," i.e., the Court "erred when it granted Defendants' motion to revoke Plaintiff's IFP status and dismissed the action" and because he was under imminent danger of serious physical injury. *Id.* at 2-8. However, as explained in detail below, the Court finds nothing in Plaintiff's allegations in his motion that merits reconsideration.

In their opposition to the motion, Defendants point out that Plaintiff's arguments are not identifications of mistakes, but instead an "attempt[] to re-litigate the issue with his IFP status." Dkt. 53 at 2. In addition, Defendants argue that Plaintiff's new assertions that his strikes are not strikes are unsupported by law or fact. *Id.* at 2-3. The Court agrees with Defendants.

First, Plaintiff argues that the first case, *Stainer*, should not constitute a strike because he

3

filed another action, *El-Shaddai v. Runnels*, Case No. S-07-cv-01247 FCD EFB P (E.D. Cal.), which he claims cures *Stainer's* dismissal.[1]  Dkt. 51 at 2-6.  However, Plaintiff has failed to provide any case law to support the proposition that a subsequent case can cure an earlier case.  *See id.*  In addition, in *Runnels*, Plaintiff challenged "Defendant Runnel's policy that refused to deliver Plaintiff's legal and person[al] mail addressed to him in his Sacred name and returning it to the sender . . . without notice to Plaintiff . . . ."  *Id.* at 4.  However, *Runnels* does not specifically address any claims raised by *Stainer*, in which Plaintiff claimed that "Defendants 'exhibited deliberate indifference to the rights of Plaintiff by failing to act on information indicating that unconstitutional acts were occurring' based upon Plaintiff's 'First Religious Name Change Request' . . . ."  *Id.* at 3.  Furthermore, the district court in *Runnels* only remanded that action back to state court.  Dkt. 53-1 at 4-7.  Finally, Plaintiff seems to argue that *Runnels* and *Stainer* constitute a "continuing wrong" because his allegations in both cases involve his religious name change.  See Dkt. 51 at 4-5.  However, Plaintiff misapplies the continuing wrong doctrine.  He fails to present any case law to show that the continuing wrong doctrine applies when determining IFP strikes.  Rather, the doctrine has been limited in its application for evaluations of timeliness.  *See, e.g.*, *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) (continuing wrong doctrine applied to determination whether claims were timely).  Assuming *arguendo* that the continuing wrong doctrine applied to the evaluation of IFP strikes, Plaintiff's filings reveal that they are different transactions, as *Runnels* and *Stainer* involved different defendants and time frames and were adjudicated in different courts.  *See* Dkt. 51 at 2-4; Pl.'s Decl. ¶¶ 3-4.  Thus, the Court did not err in finding *Stainer* constitutes a strike.  *See* Dkt. 47 at 6-8.

Second, Plaintiff argues that the second case, *Terhune*, does not constitute a strike because he never consented to magistrate judge jurisdiction.  Dkt. 51 at 6-7 (citing *Williams v. King*, 875

---

[1] In his reply, Plaintiff also seems to argue that "[i]n *El-Shaddai v. Zamora ("Zamora")*, 833 F.3d 1036, 1041 (9th Cir. 2016) (the [Ninth Circuit] held that this ground for dismissal does not count as a strike)," but it is not clear if Plaintiff is referring to the ground for dismissal in *Runnels* or *Stainer*.  *See* Dkt. 54 at 1.  But, in any event, the Court has reviewed *Zamora* and nowhere does the Ninth Circuit address whether either *Runnels* or *Stainer* constitutes a strike for section 1915(g) purposes.  *See Zamora*, 833 F.3d at 1042-48.  Thus, *Zamora* is irrelevant as it does not address any of the qualifying strikes that Plaintiff is challenging in the instant motion for reconsideration.

United States District Court
Northern District of California

F.3d 500, 503 (9th Cir. 2017)).  However, this argument is unavailing.  The record shows that a District Judge adopted the Magistrate Judge's findings and recommendations in full and dismissed this case.  Thus, Plaintiff's reliance on *Williams* fails because there was no need for consent to magistrate judge jurisdiction.  Alternatively, in his reply, Plaintiff claims that in *Terhune*, the District Judge's "dismissal for failure to prosecute does not address the merits and therefore [is] not a strike . . . ."  Dkt. 54 at 2.  However, again, Plaintiff's argument is unavailing.  When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under section 1915(g).  *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).  Such was the case in *Terhune* where the Magistrate Judge recommended to dismiss the amended complaint with leave to file a SAC correcting certain deficiencies, Plaintiff failed to file a SAC by the deadline, and the District Judge adopted the Magistrate Judge's recommendation to dismiss the action for failure to state a claim.  *See* Dkt. 38-1 at 104-10, 112-13, 115-16 (Ex. 4).  Thus, the Court did not err in its finding that *Terhune* constitutes a strike.  *See* Dkt. 47 at 8-9.

Because Plaintiff does not challenge the Court's finding that the third case, *Popke*, constitutes a strike, he has not identified any valid mistakes that warrant reconsideration and, therefore, he *still* possesses three strikes for section 1915(g) purposes.  Finally, Plaintiff has not sufficiently shown that he was in imminent danger of serious physical injury at the time he filed his complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  Allegations of his current medical conditions do not trigger the imminent danger exception because they are not connected to the claims in his complaint, and he does not argue to the contrary.  *See* Dkt. 51 at 7-8.

Accordingly, the Court finds that Plaintiff's allegations present no grounds that warrant reconsideration, and his motion for reconsideration is DENIED.  Dkt. 51.  Therefore, the Court reaffirms its dismissal of his action pursuant to section 1915(g), and this action will remain closed.

This Order terminates Docket Nos. 50 and 51.

IT IS SO ORDERED.

Dated: December 31, 2020

JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

5